# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD E. STALTER,** | : | **CIVIL NO. 1:17-CV-697** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

On November 6, 2007, petitioner Donald E. Stalter ("Stalter"), pled guilty to several counts of involuntary deviate sexual intercourse, sexual abuse of children, indecent assault, corruption of minors, and unlawful contact with a minor in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). He was sentenced to an aggregate term of imprisonment of twenty (20) to forty (40) years. See https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0001607-2007. On April 19, 2017, Stalter filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his guilty plea. (Doc. 1). For the reasons set forth below, the petition will be denied as untimely.

## I.   Background

On November 6, 2007, Stalter entered a guilty plea pursuant to a negotiated plea agreement to three counts of involuntary deviate sexual intercourse, twenty counts of sexual abuse of children, four counts of indecent assault, three counts of

corruption of minors, and three counts of unlawful contact with a minor.  See https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0001607-2007.  On April 21, 2008, the trial court sentenced Stalter to an aggregate term of incarceration of twenty (20) to forty (40) years.  Id.

On May 14, 2008, Stalter filed a notice of appeal with the Pennsylvania Superior Court.  Commonwealth v. Stalter, 857 MDA 2008.  On January 30, 2009, the Pennsylvania Superior Court affirmed the judgment of sentence.  Id.  Stalter filed a petition for allowance of appeal with the Pennsylvania Supreme Court. Commonwealth v. Stalter, 96 MAL 2009.  On February 3, 2010, the Pennsylvania Supreme Court denied review of Stalter's judgment of sentence.  Id.  Stalter did not file a petition for writ of certiorari with the United States Supreme Court, therefore his judgment of sentence became final ninety (90) days later on May 4, 2010.

On April 24, 2014, Stalter filed an application for writ of error *coram nobis*. See https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0001607-2007. On April 29, 2014, the trial court dismissed the petition.  Id.  Stalter filed an appeal with the Pennsylvania Superior Court.  Commonwealth v. Stalter, 869 MDA 2014. On February 10, 2015, the Pennsylvania Superior Court found that the application for relief should have been treated as a first petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541, *et seq.*, and remanded the case for the appointment of counsel and further proceedings.  Commonwealth v. Stalter, 2015 WL 7587230 (Pa. Super. 2015).

On remand, the Dauphin County Court of Common Pleas appointed counsel to represent Stalter in his application for writ of error *coram nobis* and subsequent

PCRA petition filed on July 13, 2015.  See https://ujsportal.pacourts.us, electronic

docket number CP-22-CR-0001607-2007.  On March 25, 2016, the Common Pleas

Court denied the PCRA petition.  Id.  Stalter did not file an appeal with the

Pennsylvania Superior Court.

On April 19, 2017, Stalter filed the instant federal habeas petition.  (Doc. 1).

**II.**    **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed

under the stringent standards set forth in the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

See 28 U.S.C. § 2244(d) (1).  Specifically, a state prisoner requesting habeas corpus

relief pursuant to § 2254 must adhere to a statute of limitations that provides, in

relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a
> State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time
> > for seeking such review;
> . . .
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Stalter was sentenced on April 21, 2008.  See https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0001607-2007.  His judgment of sentence became final on May 4, 2010, at the expiration of the ninety-day period to seek review with the United States Supreme Court.  See 28 U.S.C. § 2244(d)(1)(A).  The one-year period for the statute of limitations commenced running as of that date.  Hence, the federal petition, which was filed on April 19, 2017, is clearly untimely.  However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations began running on May 4, 2010, and expired on May 4, 2011.  Stalter did not file his application for writ of error *coram nobis*, ultimately construed as a first PCRA petition, until April 24, 2014, nearly three years after the expiration of the statute of limitations.  Because Stalter's one-year statute of limitations to file a federal habeas petition had already expired, the filing of his PCRA petition had no effect on his federal limitations period.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (finding that the PCRA petition had no

effect on tolling because "the limitations period had already run when it was filed"). Consequently, the AEDPA statute of limitations is not subject to statutory tolling. As such, Stalter must establish that he is entitled to sufficient equitable tolling of the AEDPA's limitations period in order for his habeas petition to be considered timely filed.

### B.  Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. <u>See</u> <u>Jones</u>, 195 F.3d at 159; <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005).

Stalter presents absolutely no evidence to account for the delay in seeking relief in federal court. <u>See</u> (Doc. 1). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV.    <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

An appropriate order will issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:    January 10, 2018